# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOHN PETERSON JANVIER,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-2028-Orl-31DAB**

**FREY, ANDREY AND ORLANDO
POLICE DEPARTMENT,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **(AMENDED) MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 12)**
>
> **FILED:** January 29, 2015
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed.

As the undersigned noted previously (Doc. 10), upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless

it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

Although it is well established that the pleadings of pro se litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). In order to survive dismissal, a Plaintiff must plead facts sufficient fo show that his claim has substantive plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In response to the prior Recommendation that pauper status be denied based on the then-pending Complaint, the *pro se* Plaintiff has filed a new motion and an Amended Complaint (Doc. 11).

According to the new pleading, Plaintiff was arrested, charged and tried in state court, and found guilty of an alleged lesser included offense of attempt to commit carrying of a concealed firearm. Plaintiff claims that no such offense exists under Florida law, and Plaintiff purports to seek relief in the form of damages and declaratory and injunctive relief, for false arrest under 42 U.S.C. §1983. Unfortunately, this relief is unavailable on this showing.

> As the United States Supreme Court has recognized:
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,[fn omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed. 2d 383 (1994). As the basis for the claim necessarily implicates the validity of a state criminal conviction and the papers attached to the Complaint do not establish that the conviction has been reversed on appeal, expunged or otherwise invalidated, the claim for damages arising from the arrest or conviction is not cognizable here and no other claim is pled.[1]

To the extent the Amended Complaint purports to seek declaratory and injunctive relief, no plausible facts are pled sufficient to avoid the application of the bar imposed by *Heck*. While certain *prospective* injunctive relief does not run afoul of *Heck,* "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)– *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 ,125 S.Ct. 1242, 1248, 161 L.Ed2d 253 (2005). Here,

---

[1] Plaintiff was arrested on a different charge (carrying a concealed firearm), and was found not guilty of that charge. Nonetheless, there are no facts pled which could support a claim of false arrest here.

Plaintiff seeks no specific declaratory or injunctive relief, other than a declaration that the conviction was improper. As this necessarily would demonstrate the invalidity of the conviction, the claim is not cognizable as presented.

It is **respectfully recommended** that the motion be **denied** and the Amended Complaint be **dismissed.** As there is no possibility that the complaint could be further amended to set forth a cause of action for review of this conviction in federal court, the dismissal should be without leave to amend.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 3, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy